UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Joshua Adams,

Plaintiff,

vs.

124 Commercial L.P. and
Lume West Village, LLC,

Defendants.

**COMPLAINT**

Plaintiff, JOSHUA ADAMS (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, 124 COMMERCIAL L.P. and LUME WEST VILLAGE, LLC (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

**JURISDICTION AND VENUE**

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a restaurant/bar located at 259 W 4th Street New York, NY 10014 (hereinafter, the "Subject Premises").

**3.** All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the Subject Premises are located in the Southern District.

## PARTIES

**4.** Plaintiff, JOSHUA ADAMS, is over the age of 18, *sui juris*, and a resident of Kings County, New York. Plaintiff suffers from congenital conditions known as spina bifida and hydrocephalus, which result in significant impairments to mobility, uses a wheelchair for mobility, and is a qualified individual under the ADA.

**5.** Defendant, 124 COMMERCIAL L.P., is a Delaware limited partnership which is authorized to and does transact business in the State of New York and within this judicial district. Defendant, 124 COMMERCIAL L.P., is the owner of the Subject Premises.

**6.** Defendant, LUME WEST VILLAGE, LLC, is a domestic limited liability which is authorized to and does transact business in the State of New York and within this judicial district, and is the owner/operator of the restaurant/bar "LUME" located at the Subject Premises.

**7.** Pursuant to New York State Liquor Authority records, Defendant, LUME WEST VILLAGE, LLC, d/b/a LUME WEST VILLAGE, was issued an On Premises Liquor license on April 2, 2025 for the Subject Premises.

**8.** LUME is a restaurant offering food and beverage items to members of the general public in a dine-in setting. The establishment provides customers with the ability to enter the restaurant, be seated, and purchase meals and beverages in a public accommodation intended for on-site dining. The Plaintiff enjoys LUME and appreciates the food offerings and dining experience provided at the establishment. However, despite the Plaintiff's interest in patronizing the restaurant, significant accessibility barriers impede the Plaintiff's ability to fully and equally access and enjoy the goods and services offered at the Subject Premises, in violation of the ADA.

## FACTUAL ALLEGATIONS AND CLAIM

**9.** On or about June 10, 2026, Plaintiff, in his individual capacity, visited the Subject

Premises and personally encountered physical barriers to access, which compelled him to engage with those barriers, resulting in legal harm and injury. Plaintiff continues to suffer harm due to the existence of these barriers and the Defendants' failure to comply with ADA regulations.

**10.** Plaintiff has visited the Subject Premises and intends to return to utilize the goods, services, and accommodations offered to the public. However, he is deterred from returning while the discriminatory barriers and non-compliant policies described herein persist.

**11.** Plaintiff has been denied full and equal access to the Subject Premises, preventing him from enjoying the goods and services offered therein. These denials are caused by the physical barriers, including those outlined in this Complaint, and will continue until the barriers are removed.

**12.** Beyond his personal interest in accessing the Subject Premises, Plaintiff is an advocate for individuals with disabilities and is committed to asserting his civil rights and the rights of others similarly situated.

**13.** Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

**14.** Under the "Safe Harbor" provision outlined in 28 CFR § 36.304(d)(2)(i), elements in existing facilities that have not been altered on or after March 15, 2012, and that comply with the technical and scoping specifications of the 1991 Standards are not required to be modified to meet the 2010 Standards. However, the violations described in this Complaint fail to comply with both the 1991 Standards and the 2010 Standards.

**15.** The Subject Premises, as a public accommodation and service establishment, is

required by law to comply with the ADA and ADAAG. However, it remains non-compliant with these standards.

**16.** Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and he will continue to suffer harm due to the Defendants' failure to address the ADA violations described herein.

**17.** Plaintiff has experienced direct and indirect injury as a result of the physical barriers and ADA violations at the Subject Premises and the Defendants' actions or inactions in remedying these violations.

**18.** On or about June 10, 2026, Plaintiff visited the Subject Premises intending to patronize the establishment and utilize the goods and services offered therein. Upon arrival, Plaintiff encountered an inaccessible entrance. Although Defendants provided a portable ramp, the ramp was not readily usable by a wheelchair user, and Plaintiff required the assistance of four individuals and multiple attempts before he was able to enter the establishment. Once inside, Plaintiff requested seating at the bar but was initially discouraged from doing so by staff due to concerns regarding the height of the bar in relation to Plaintiff's wheelchair. Plaintiff was ultimately seated in a confined area near the exit. While attempting to dine at the bar, Plaintiff experienced substantial difficulty consuming his meal because the height of the bar was not accessible to wheelchair users, causing Plaintiff to repeatedly drop food and preventing him from comfortably enjoying the goods and services offered at the Subject Premises. Plaintiff informed staff of the accessibility issues he encountered and was advised that they were aware of the problem. As a result of the inaccessible entrance and inaccessible bar seating, Plaintiff was denied the full and equal enjoyment of the facilities, goods, services, privileges, advantages, and accommodations offered at the Subject Premises.

**19.** Plaintiff intends to return to the Subject Premises in the near future to utilize the goods, services, and accommodations offered. However, his ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

**COUNT I**
**VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**
**(Against All Defendants)**

**20.** Plaintiff restates Paragraphs 1-19 as though fully set forth herein.

**21.** Defendants, 124 COMMERCIAL L.P. and LUME WEST VILLAGE, LLC, have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*., and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

**22.** 124 COMMERCIAL L.P., as the owner of the Subject Premises, is responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C., § 12182(b)(2)(A)(iv).

**23.** LUME WEST VILLAGE, LLC, as the owner/operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

**24.** Plaintiff personally encountered architectural barriers at the Subject Premises. Under controlling Second Circuit authority, once a plaintiff establishes standing as to at least one barrier affecting the plaintiff's disability, the plaintiff may challenge all other barriers within the premises related to that disability, even if the plaintiff was unable to personally encounter each interior barrier due to the inaccessible conditions at the entrance. *See Kreisler v. Second Ave. Diner Corp*., 731 F.3d 184, 188-89 (2d Cir. 2013); *Hurley v. Tozzer, Ltd.*, No. 15-CV-2785, 2018 WL

1872194, at *4 (S.D.N.Y. Feb. 2, 2018); *Hashimi v. Baklajian*, No. 25-CV-2152 (E.D.N.Y. Mar. 4, 2026). Plaintiff's knowledge of the additional interior accessibility barriers is based upon an inspection of the Subject Premises performed by an ADA accessibility consultant retained on Plaintiff's behalf after Plaintiff encountered and was deterred by the inaccessible entrance conditions. Accordingly, Plaintiff properly alleges the interior ADA violations identified herein because such barriers impede full and equal access to the goods, services, facilities, privileges, advantages, and accommodations offered at the Subject Premises.

**25.** The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the following:

**<u>Entrance</u>**

**i. Inaccessible Entrances**
The two public entrances are inaccessible because a raised deck at the floor surface fronts both entrances and no compliant ramp is provided, preventing Plaintiff and other wheelchair users from accessing the Subject Premises. This is a violation of ADAAG §§206, 206.2.1, 206.4, 402, 403.4, and 303.4. Providing a compliant accessible route and ramp is readily achievable.

**ii. Inaccessible Main Entrance**
The designated main entrance is inaccessible because an additional step at the entrance acts as a barrier to accessibility and no compliant ramp is provided. This is a violation of ADAAG §§206, 206.2.1, 206.4, 402, 403.4, and 303.4. Providing a compliant ramp is readily achievable.

**iii. Insufficient Maneuvering Clearance at Main Entrance**
Required maneuvering clearance is not provided at the designated main entrance due to a non-compliant change in floor level within the required maneuvering area, preventing Plaintiff and other wheelchair users from safely entering and exiting the facility. This is a violation of ADAAG §§404.2.4 and 404.2.4.4. Reworking the entrance landing area is readily achievable.

**iv. Insufficient Maneuvering Clearance at Secondary Entrance**
Required maneuvering clearance is not provided at the secondary entrance due to a non-

compliant change in floor level within the required maneuvering area, preventing Plaintiff and other wheelchair users from safely entering and exiting the facility. This is a violation of ADAAG §§404.2.4 and 404.2.4.4. Reworking the entrance landing area is readily achievable.

**Exterior Seating Area**

**v. Non-Compliant Exterior Benches**

The exterior seating benches are not affixed to a wall and do not provide the required back support, preventing disabled individuals from safely utilizing the seating provided. This is a violation of ADAAG §§903 and 903.4. Providing compliant benches or affixing the benches to a wall is readily achievable.

**Dining Area**

**vi. Inaccessible Bar**

The bar is inaccessible because the required accessible portion is not provided, the bar exceeds the maximum allowable height, and the required toe clearance is not provided, preventing Plaintiff and other wheelchair users from utilizing the bar. This is a violation of ADAAG §§226, 226.1, 902, 902.2, and 902.3. Providing a compliant accessible portion of the bar is readily achievable.

**vii. Inaccessible Dining Tables**

The required percentage of accessible dining tables is not provided, preventing Plaintiff and other disabled individuals from having equal access to dining surfaces. This is a violation of ADAAG §226.1. Providing the required number of accessible dining tables is readily achievable.

**Restrooms**

**viii. Restroom Identification Signage Not Provided**

Compliant signage identifying the two restrooms is not provided, preventing Plaintiff and other disabled individuals from independently locating the restrooms. This is a violation of ADAAG §§216 and 703. Installing compliant signage is readily achievable.

**ix. Inaccessible Water Closets**

The water closets in the two restrooms do not provide the required clearances, preventing Plaintiff and other wheelchair users from properly positioning for transfer. This is a violation of ADAAG §604.3. Providing compliant clearance is readily achievable.

**x. Missing Grab Bars**

Required rear and side wall grab bars are not provided at the water closets in the two restrooms, preventing Plaintiff and other disabled individuals from safely using the fixtures. This is a violation of ADAAG §604.5. Installing compliant grab bars is readily achievable.

**xi. Non-Compliant Water Closet Location**

The water closets in the two restrooms are positioned at a non-compliant distance from the side wall, preventing Plaintiff and other disabled individuals from safely and independently using the fixtures. This is a violation of ADAAG §604.2. Repositioning the water closets is readily achievable.

**xii. Inaccessible Toilet Paper Dispensers**
The toilet paper dispensers in the two restrooms are not located in a compliant position relative to the water closets, preventing Plaintiff and other disabled individuals from safely and independently using the fixtures. This is a violation of ADAAG §604.7. Repositioning the dispensers is readily achievable.

**xiii. Inaccessible Lavatories**
The lavatories in the two restrooms do not provide the required knee and toe clearance, preventing Plaintiff and other wheelchair users from properly positioning a wheelchair for use. This is a violation of ADAAG §§606.2, 306.2, and 306.3. Providing compliant lavatories is readily achievable.

**xiv. Insufficient Turning Space in Restrooms**
Required turning space is not provided within the two restrooms, preventing Plaintiff and other wheelchair users from maneuvering within the restrooms. This is a violation of ADAAG §§603.2.1 and 304.3.1. Providing compliant turning space is readily achievable.

**xv. Inaccessible Coat Hooks and Light Switches**
The coat hooks and light switches in the two restrooms are mounted above the maximum allowable height, preventing Plaintiff and other wheelchair users from independently utilizing these features. This is a violation of ADAAG §308. Relocating the coat hooks and light switches to compliant heights is readily achievable.

**xvi. Inaccessible Restroom Door Widths**
The doors serving the two restrooms do not provide the required minimum clear width, preventing Plaintiff and other wheelchair users from safely accessing the restrooms. This is a violation of ADAAG §404.2.3. Modifying the doorways to provide compliant clear width is readily achievable.

**26.** Plaintiff has attempted to access the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to his disability. The physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendants are compelled to remove these barriers and comply with the ADA.

**27.** In addition to his personal interest in accessing the Subject Premises free of illegal

barriers, Plaintiff is an advocate for the rights of individuals with disabilities and serves as a "tester" to ensure public accommodations comply with the ADA. Plaintiff has visited the Premises in his capacity as a tester, encountered barriers to access, engaged with those barriers, and suffered harm as a result. Plaintiff intends to return regularly to verify the Premises' compliance with the ADA and to confirm any modifications are properly maintained. Plaintiff believes that these violations will not be corrected without Court intervention, which will result in continued harm.

**28.** Plaintiff, in his capacity as a tester, will return to the Premises once Defendants make the necessary modifications to ensure accessibility for individuals with physical disabilities. Plaintiff will verify compliance with the ADA and confirm that all modifications are complete.

**29.** The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

**30.** Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

## RELIEF SOUGHT

**31.** Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

**32.** Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

**33.** Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

Respectfully submitted,

BARDUCCI LAW FIRM, PLLC
5 West 19th Street, 10th Floor
New York, NY 10011
(212) 433-2554

By: /s/ Maria-Costanza Barducci
Maria-Costanza Barducci, Esq.
*Attorney for Plaintiff*
Bar No. 5070487
MC@BarducciLaw.com